United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10629
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN ESTRELLA-SALVADOR,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:03-CR-76-1
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Juan Estrella-Salvador was convicted, pursuant to his

conditional guilty plea, of one count of possession of more than

five kilograms of cocaine with intent to distribute.  The

district court sentenced him to serve 151 months in prison and a

five-year term of supervised release.  Estrella-Salvador appeals

the district court's denial of his motion to suppress.  Estrella-

Salvador argues that the district court erred in determining that

he was detained for a reasonable amount of time in connection

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with traffic violations and that he voluntarily consented to the search of his vehicle.  He relies on City of Indianapolis v. Edmond, 531 U.S. 32 (2000), in support of his argument that the stop of his vehicle was illegal because it was pretextual.

Estrella-Salvador's pretext argument is unavailing.  As long as a traffic law infraction that would objectively justify a stop takes place, the fact that the police officer may have other motives for the stop is irrelevant.  United States v. Sanchez-Pena, 336 F.3d 431, 437 (5th Cir. 2003).  Edmond is materially distinguishable and does not affect our pretext analysis.  See 531 U.S. at 34-36.

Our review of the record shows that the district court did not err in determining that the initial traffic stop of Estrella-Salvador's vehicle was reasonable and that this stop later evolved into a consensual encounter.  See Whren v. United States, 517 U.S. 806, 810 (1996); United States v. Shabazz, 993 F.2d 431, 434 (5th Cir. 1993).  We are likewise convinced that the district court did not err in determining that Estrella-Salvador voluntarily consented to the search of his vehicle.  See United States v. Jones, 234 F.3d 234, 242 (5th Cir. 2000).  Estrella-Salvador has not shown that the district court erred in denying his motion to suppress.  Consequently, the judgment of the district court is AFFIRMED.